**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

HEADWATER RESEARCH LLC,

*Plaintiff*,

v.

GOOGLE LLC,

*Defendant*.

**Case No. 7:25-cv-00369-DC-DTG**

**JURY TRIAL DEMANDED**

**ORAL ARGUMENT REQUESTED**

**GOOGLE'S RULE 12(B)(6) MOTION FOR PARTIAL DISMISSAL**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. SUMMARY OF ALLEGATIONS ........ 2

III. LEGAL STANDARDS ........ 4

A. Pleading Standards ........ 4

B. Willful Infringement ........ 4

C. Induced Infringement ........ 5

D. Contributory Infringement ........ 5

IV. ARGUMENT ........ 6

A. Headwater's Pre-Suit Willful and Indirect Infringement Claims Should Be Dismissed Because Headwater Fails to Adequately Plead Knowledge Of The Asserted Patents ........ 6

1. The "Marking" Allegations ('935, '930, '055, '464, '155 Patents) ........ 6

2. The "Google Patents" Allegation ('935, '055, '429 Patents) ........ 7

3. The "Samsung Complaint and IPR" Allegations ('510 and '429 Patents) ........ 8

4. Willful Blindness (All Asserted Patents) ........ 9

B. Headwater's Pre-Suit Willful and Indirect Infringement Claims Should Be Dismissed Because Headwater Fails to Adequately Plead Knowledge Of Infringement ........ 10

C. Headwater's Pre- and Post-Suit Contributory Infringement Claims Should Be Dismissed Because Headwater Fails to Plead "No Substantial Non-Infringing Use" and Materiality ........ 11

V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

## Cases

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. 13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ... 1

*Apeldyn Corp. v. AU Optronics Corp.*,
831 F. Supp. 2d 817 (D. Del. 2011) *aff'd*, 522 Fed. Appx. 912 (Fed. Cir. 2013) ... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 4

*Atlas Global Technologies., LLC v. OnePlus Tech. (Shenzhen) Co.*,
661 F. Supp. 3d 643 (W.D. Tex. 2023) ... 9

*Bench Walk Lighting LLC v. LG Innotek Co.*,
530 F. Supp. 3d 468 (D. Del. Jan. 7, 2021) ... 10

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022) ... passim

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015) ... 5, 10

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010) ... 11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754, 766 (2011) ... 5, 10

*GreatGigz Sols., LLC v. Freelancer Ltd.*,
No. 6:20-CV-00738-ADA, 2022 WL 22860429 (W.D. Tex. July 1, 2022) ... 2, 9, 11

*ImagineAR, Inc. v. Niantic, Inc.*,
No. 1:24-cv-01252-JDW, 2025 WL 2592261 (D. Del. Sept. 8, 2025) ... 12

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) ... 8

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
No. 20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021) ... 5, 6, 7, 9

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
571 U.S. 191 (2014) ... 11

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1:18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ... 5, 7, 8

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021) .................... 4, 5, 10

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
No. 6:20-cv-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) ............................... 7

*Palisade Techs., LLP v. Micron Tech., Inc.*,
No. 7:24-CV-262-DC-DTG, Dkt. 55 (W.D. Tex. July 24, 2025).............................................. 2

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017).......................................... 8

*Teradyne, Inc. v. Astronics Test Sys., Inc.*,
No. 20-cv-2713-GW-SHKX, 2020 WL 8173024 (C.D. Cal. Nov. 6, 2020) ........................... 10

**Other Authorities**

35 U.S.C. § 271(c) ........................................................................................................ 11

# I. INTRODUCTION

Headwater's Complaint fails to state a claim against Google for pre-suit willful infringement and indirect infringement for each of the Asserted Patents.[1] Headwater rests its contention that Google knew of or was willfully blind to the Asserted Patents before the filing of this lawsuit on three allegations. All fail.

First, Headwater alleges that ItsOn—a defunct company that "licensed Headwater's intellectual property and implemented Headwater's technology into software and services"—"included a patent marking notice" in its software which listed the Asserted Patents or "patents in the same family as the" Asserted Patents. Dkt. 1 ¶¶ 15, 39, 63, 75, 99, 111. The mere marking of a product is insufficient to establish knowledge for purposes of willful or indirect infringement and Headwater makes no allegations that Google was aware of this purported marking. Accordingly, this theory fails.

Second, Headwater alleges that "multiple patents assigned to Google [] cite ***family members*** of" certain Asserted Patents.[2] *Id.* ¶¶ 39, 75, 87. But it is well settled that knowledge of related patents is insufficient to establish knowledge of the Asserted Patents. *See, e.g.*, *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-CV-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) (complaint failed to allege pre-suit knowledge despite defendant's knowledge of related patents from a prior case). Moreover, this Court held that even "citation of an ***asserted patent*** by an examiner during prosecution of" defendant's patent is "insufficient to show pre-suit knowledge of the asserted patent at the pleading state." *Palisade Techs., LLP v. Micron Tech.,*

[1] There are seven asserted patents in this case: U.S. Patent Nos. 8,639,935 ("'935 Patent"), 9,609,510 ("'510 Patent"), 9,973,930 ("'930 Patent"), 11,096,055 ("'055 Patent"), 11,405,429 ("'429 Patent"), 11,966,464 ("'464 Patent"), and 11,985,155 ("'155 Patent"), (the "Asserted Patents").

[2] All emphasis added and internal citations and quotations omitted unless noted otherwise.

*Inc.*, No. 7:24-CV-262-DC-DTG, Dkt. 55 at 5 (W.D. Tex. July 24, 2025). This theory thus fails as well.

Third, Headwater alleges, based solely on "information and belief," that Google has knowledge of certain Asserted Patents because Samsung—another company Headwater sued and then settled with—"shared the [Samsung] complaint … and/or the [Samsung] IPR petition[s]" involving those patents "with Google." Dkt. 1 ¶¶ 51, 87. This allegation is the definition of a "naked assertion" that Courts in this District have held "is insufficient to establish pre-suit willfulness." *GreatGigz Sols., LLC v. Freelancer Ltd.*, No. 6:20-CV-00738-ADA, 2022 WL 22860429, at *7 (W.D. Tex. July 1, 2022).

Compounding its problems, Headwater also fails to (1) sufficiently allege that Google knew, or should have known, that its alleged actions constituted or induced infringement of those patents, as is required for willful and indirect infringement, and (2) plead the accused products have no substantial non-infringing use or that they are material to practicing the claimed invention, as is required for contributory infringement.

Headwater's pre-suit willfulness and indirect infringement claims, and its post-suit contributory infringement claims should be dismissed.

## II. SUMMARY OF ALLEGATIONS

On August 27, 2025, Headwater filed a complaint against Google including allegations of direct, willful, induced, and contributory infringement of the Asserted Patents.

**Knowledge of Asserted Patents.** Headwater alleges that "Google has had knowledge of or has been willfully blind to" each Asserted Patent based on three allegations:

| Allegation | Asserted Patents |
|---|---|
| "[T]he ItsOn software included a patent marking notice which listed the" asserted patent or "patents in the same family." Dkt. 1 ¶¶ 39, 63, 75, 99, 111 | '935, '930, '055, '464, '155 |
| "[M]ultiple patents assigned to Google also cite family members of the" asserted patent." Dkt. 1 ¶¶ 39, 75, 87 | '935, '055, '429 |
| "[T]he [asserted] patent has been asserted against Samsung's devices that use the Android Operating System, and Samsung filed an inter partes ('IPR') petition … of the [asserted] patent. On information and belief, Samsung shared the complaint asserting the [asserted] patent and/or the IPR petition with Google." Dkt. 1 ¶¶ 51, 87 | '510, '429 |

**Willful Infringement.** Headwater's willful infringement allegations are identical for all Asserted Patents: "Google has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to their customers, would constitute willful infringement." Dkt. 1 ¶¶ 41, 53, 65, 77, 89, 101, 113.

**Induced and Contributory Infringement.** Headwater's induced and contributory infringement allegations are also identical for all Asserted Patents:

> Google continues to actively encourage and instruct their customers to use and integrate the Accused Instrumentalities in ways that directly infringe the [Asserted Patents]. Google does so knowing and intending that their customers will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the [Asserted Patents], thereby specifically intending for and inducing their customers to infringe the [Asserted Patents] through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instructions to their customers; and indemnifying patent infringement within the United States….
>
> Google has induced, and continue to induce, infringement of the [Asserted Patents] by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information

> and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instruction to its customers; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

Dkt. 1 ¶¶ 39–42, 51–54, 63–66, 75–78, 87–90, 99–102, 111–114.

## III. LEGAL STANDARDS

### A. Pleading Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim for relief that is plausible on its face" when taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this factual plausibility standard, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, based on more than a sheer possibility that a defendant has acted unlawfully. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022).

### B. Willful Infringement

Willful infringement requires a plaintiff to plausibly allege that the accused infringer "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Id*. Knowledge of a patent and knowledge of infringement are "distinct elements." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, *5 (W.D. Tex. Sep. 1, 2021). "Mere knowledge of the Asserted Patents is not enough" to establish knowledge of infringement. *BillJCo*, 583 F. Supp. 3d at 777.

### C. Induced Infringement

"[T]o adequately plead a claim of induced infringement, a plaintiff must demonstrate that the defendant knew of the patent and that the induced acts constitute patent infringement. Further, a plaintiff must allege a specific intent to induce infringement, which is evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Monolithic Power Sys.*, 2021 WL 3931910, at *5; *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").

Alternatively, "[w]illful blindness can satisfy the knowledge requirement." *BillJCo*, 583 F. Supp. 3d at 774. "A showing of willful blindness requires that (1) the defendant must subjectively believe that there is a high probability that a fact exists, and (2) the defendant must take deliberate actions to avoid learning of that fact." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 20-cv-00318-ADA, 2021 WL 4555802, at *1 (W.D. Tex. Oct. 4, 2021).

### D. Contributory Infringement

A "complaint only satisfies the elements of contributory infringement by alleging that: (1) defendant had knowledge of the patent; (2) defendant sold products especially made for infringing use; (3) defendant had knowledge of the infringing use; (4) the products had no substantial noninfringing use; and (5) there exists an underlying act of direct infringement." *Monolithic Power Sys.*, 2021 WL 3931910, at *5; *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). "[A] plaintiff must also allege that the defendant's accused product is material to practicing the claimed invention." *Flypsi*, 2022 WL 3593053, at *6.

## IV. ARGUMENT

### A. Headwater's Pre-Suit Willful and Indirect Infringement Claims Should Be Dismissed Because Headwater Fails to Adequately Plead Knowledge Of The Asserted Patents

Headwater's claims for pre-suit willful and indirect infringement should be dismissed because Headwater fails to plausibly allege that Google knew of the Asserted Patents before the filing of this case. *BillJCo*, 583 F. Supp. 3d at 774. Headwater asserts that Google knew of, or was willfully blind to, the Asserted Patents based on three allegations. Each fails.

#### 1. The "Marking" Allegations ('935, '930, '055, '464, '155 Patents)

Headwater alleges that Google was aware of the '935 Patent because "the ItsOn software included a patent marking notice which listed the '935 patent." Dkt. 1 ¶ 39. Headwater separately alleges Google was aware of the '930, '055, '464, and '155 Patents because "the ItsOn software included a patent marking notice which listed patents in the ***same family***." *Id.* ¶¶ 63, 75, 99, 111. Neither allegation suffices. Marking a product with a patent is irrelevant to whether Google had knowledge of the patent for purposes of willful or indirect infringement. For example, in *Kirsch*, the court dismissed the pre-suit willful and induced infringement claims despite plaintiff's allegations that its "products are well-known in the market and marked with the [asserted patent] number" and the defendant attended trade shows where the plaintiff was present. 2021 WL 4555802, at *2. The court "refuse[d] to find that a vendor's attendance at a trade show raises a reasonable inference that the vendor has knowledge of every other attending vendors' patents, ***even if other vendors' products are 'well-known' and marked***." *Id.* at *2.

Headwater's allegations here are even more attenuated. It does not allege Google ever saw ItsOn's patent marking notice. Nor does Headwater identify the product that was marked or allege it was "well known." And for the '930, '055, '464, and '155 Patents, Headwater does not even allege that it marked its products with these patents. Instead, Headwater alleges only that an

unidentified ItsOn product was marked with unidentified patents in the "same family."[3] *Supra* at 2. Headwater's allegations are "simply not enough." *Kirsch*, 2021 WL 4555802, at *2; *Toyota*, 2014 WL 2892285, at *6 (complaint failed to allege pre-suit knowledge despite defendant's knowledge of related patents from a prior case).

**2. The "Google Patents" Allegation ('935, '055, '429 Patents)**

Headwater alleges that Google was aware of the '935, '055, and '429 Patents because "multiple patents assigned to Google also cite ***family members*** of" those patents. Dkt. 1 ¶¶ 39, 75, 87. Not so.

Courts in this District and elsewhere routinely hold that knowledge of patents in the same family as the Asserted Patents is insufficient to show pre-suit knowledge of the Asserted Patents. *See Meetrix*, 2018 WL 8261315, at *2 ("Although the patent application cited in [defendant's] patents shares a specification with the Asserted Patents, it is a patent's *claims* that put potential infringers on notice, not the specification.") (emphasis original); *Palisade*, No. 7:24-CV-262-DC-DTG, Dkt. 55 at 5 ("citation of an ***asserted patent*** by an examiner during prosecution of" defendant's patent is "insufficient to show pre-suit knowledge of the asserted patent at the pleading state"); *Flypsi*, 2022 WL 3593053, at *5 ("Here, the deficiency lies in a failure to allege Google's actual knowledge of either the patents or the patent filings."); *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-cv-00507-ADA, 2023 WL 5426743, at *3–*4 (W.D. Tex. June 27, 2023) (holding that mere knowledge of patent applications and speculation into investigation into the patent portfolio is not enough to establish pre-suit knowledge); *Toyota*, 2014 WL 2892285, *6

[3] Notably, ItsOn filed for bankruptcy in January 2018, prior to the issuance of the '930, '055, '429, '464, and '155 Patents. *See Headwater Rsch. LLC v. Verizon Comms. Inc.*, 2:23-cv-00352-JRG-RSP, 2025 WL 1584696, at *1 (E.D. Tex. June 4, 2025). Thus, any software that was allegedly marked was no longer on the market when those patents issued.

(same); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019) ("[D]efendant's knowledge of another patent within the same family as an asserted patent" does not create a question of fact as to "whether the defendant had sufficient knowledge of the asserted patent"); *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (concluding no pre-suit knowledge of asserted patent when defendant's patent cited another patent which itself referenced asserted patent); *Vasudevan Software, Inc. TIBCO Inc.*, No. 11-cv-06638-RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) (concluding awareness of asserted patent's application and related patent with same specification insufficient to infer pre-suit knowledge of asserted patent); *see also Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011) *aff'd*, 522 Fed. Appx. 912 (Fed. Cir. 2013) ("There is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases . . . based on the listing of a patent on the face of another patent.").

Thus, Headwater's "allegation of actual notice stemming from [Google's] prosecution activity is too attenuated to plausibly infer that [Google] had pre-suit knowledge of the Asserted Patents." *Meetrix*, 2018 WL 8261315, at *2. That is especially true where, as here, Headwater does not even identify which Google patents cite which "family members" of the Asserted Patents, whether Google prosecuted those patents or purchased them, whether the examiner or Google cited the patents during prosecution, and whether the Asserted Patents existed when Google's patents allegedly cited their family members.

**3. The "Samsung Complaint and IPR" Allegations ('510 and '429 Patents)**

Headwater alleges that Google was aware of the '510 and '429 Patents because they were "asserted against Samsung's devices that use the Android Operating System," and "[o]n

information and belief, Samsung shared the complaint" "and/or the IPR petition[s]" related to those patents with Google. Dkt. 1 ¶¶ 51, 87.

"This naked assertion is insufficient to establish pre-suit willfulness." *GreatGigz*, 2022 WL 22860429, at *7 (dismissing allegations or pre-suit knowledge based solely on "information and belief"). For example, in *Atlas Global Technologies., LLC v. OnePlus Tech. (Shenzhen) Co.*, plaintiff alleged on "information and belief" that defendant "learned that [plaintiff] had brought lawsuits involving the Asserted Patents against each of Samsung, ASUSTeK, Sercomm, and TP-Link," and therefore defendant "learned of the Asserted Patents around the time the complaints were filed against each of those competitors." 661 F. Supp. 3d 643, 651 (W.D. Tex. 2023). The court rejected that argument and dismissed the pre-suit willful and indirect infringement claims because plaintiff "failed to plausibly allege knowledge of the Asserted Patents." *Id.* This Court should do the same because Headwater's "barren" allegations "lack[] any other facts to support" them, as required to sustain its claims. *GreatGigz*, 2022 WL 22860429, at *7.

**4. Willful Blindness (All Asserted Patents)**

Headwater alternatively alleges that Google "has been willfully blind" to the Asserted Patents based on the same three allegations above. *See, e.g.*, Dkt. 1 ¶ 75 ("Google has had knowledge of or has been willfully blind to the '055 patent … because the ItsOn software included a patent marking notice which listed patents in the same family as the '055 patent."); *id.* ¶¶ 39 (same for allegation that Google patents cite family members of the Asserted Patents), 51 (same for allegation that Samsung shared the complaint against it or its IPRs), 63, 87, 99, 111. Those allegations fail.

Nowhere in the Complaint does Headwater "identify . . . affirmative actions taken by [Google] to avoid gaining actual knowledge of the [Asserted Patents] to escape dismissal." *Kirsch*,

2021 WL 4555802, at *2 ("Plaintiff invites this Court to hold, in effect, that so long as a Complaint pleads Plaintiff's compliance with the marking statute, 35 U.S.C. § 287(a), a Defendant without actual knowledge has been willfully blind to the existence of the asserted patents. The Court declines the invitation"); *Flypsi*, 2022 WL 3593053, at *4 (dismissing allegation that Google knew of asserted patents because "nothing indicates that Google was willfully blind to the patent filings"). Without any alleged factual basis, the Court cannot draw any plausible inference that Google was willfully blind to the Asserted Patents.

### B. Headwater's Pre-Suit Willful and Indirect Infringement Claims Should Be Dismissed Because Headwater Fails to Adequately Plead Knowledge Of Infringement

Even if Headwater plausibly alleged Google knew of the Asserted Patents (it did not), willful, indirect, and contributory infringement each require knowledge of infringement, which Headwater also failed to adequately plead. *Monolithic Power Sys.*, 2021 WL 3931910, at *5; *Global-Tech*, 563 U.S. at 766; *Commil*, 575 U.S. at 639.

Headwater's allegations for willful and indirect infringement are identical for all Asserted Patents. *Supra* at 3. Headwater pleads no facts suggesting that Google knew the Accused Instrumentalities allegedly infringe the Asserted Patents or that Google induced such infringement before the filing of this lawsuit.[4] *Id.* Instead, Headwater's bare allegations are "a formulaic

[4] Headwater's allegation that Samsung shared the complaint against it or its IPRs with Google is likewise insufficient. Allegations of infringement against another company related to a different product do not establish knowledge of infringement by Google. *BillJCo*, 583 F. Supp. 3d at 777 (finding that, even where the plaintiff sent a pre-suit notice letter, the allegations failed to provide the necessary knowledge of infringement); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 492 (D. Del. Jan. 7, 2021) (finding insufficient a letter that did not identify most of the accused products or how the defendant allegedly infringed), *report and recommendation adopted*, 530 F. Supp. 3d 468, 477 (D. Del. Mar. 31, 2021); *Teradyne, Inc. v. Astronics Test Sys., Inc.*, No. 20-cv-2713-GW-SHKX, 2020 WL 8173024, at *3 (C.D. Cal. Nov. 6, 2020) (finding insufficient a letter that did not identify any specific product that plaintiff contended infringed the asserted patent); *cf. Flypsi*, 2022 WL 3593053, at *5–6 (dismissing willful and indirect

recitation of the elements of [the] cause[s] of action," which "will not do." *Twombly*, 550 U.S. at 555. Indeed, "Plaintiff's allegation could be copied and pasted into every complaint as nothing in the allegation is germane to the facts, or lack thereof, in this case." *GreatGigz*, 2022 WL 22860429, at *7. In fact, Headwater *did* copy and paste substantially identical allegations into at least 59 complaints filed this year against 33 defendants. *See, e.g.*, Ex. 1 (*Headwater Research LLC v. Comcast Cable Comms. LLC et al.*, 2:25-cv-00903, Dkt. 1), ¶¶ 44–47, 56–59, 68–71, 80–83, 92–95, 104–107, 116–119; Ex. 2 (*Headwater Research LLC v. Charter Commc'ns. et al.*, 2:25-cv-00901, Dkt. 1), ¶¶ 48–51, 59–63, 72–75, 81–87, 96–99.

### C. Headwater's Pre- and Post-Suit Contributory Infringement Claims Should Be Dismissed Because Headwater Fails to Plead "No Substantial Non-Infringing Use" and Materiality

"To establish contributory infringement, [Headwater] must show . . . that the [Accused Instrumentalities have] no substantial noninfringing uses." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)). It must also allege that the Accused Instrumentalities are "material to practicing the claimed invention." *Flypsi*, 2022 WL 3593053, at *6; *see also BillJCo*, 583 F. Supp. 3d at 781–82. This is Headwater's burden. *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198 (2014). Nowhere in its Complaint does Headwater set out any allegations or facts that the accused Google instrumentalities have no substantial noninfringing uses or that they are material to practicing the claimed invention. Nor could it. The accused e-sim enabled devices and Google Fi network are used for many purposes. This warrants dismissal of Headwater's pre-suit and post-suit claims of contributory infringement.

---

infringement claims despite allegations that a related company had knowledge of the asserted patents because that knowledge could not be imputed to the defendant).

## V. CONCLUSION

Google respectfully requests that this Court dismiss Headwater's claims for pre-suit willful and indirect infringement and post-suit contributory infringement.[5]

Date: November 10, 2025

Respectfully submitted,

JACKSON WALKER L.L.P.

*/s/ Nathaniel St. Clair, II*
Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile (214) 953-5822

Clement Naples (*Pro Hac Vice forthcoming*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
cnaples@cgsh.com
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

Gregory Sobolski (*Pro Hac Vice forthcoming*)
Thomas W. Yeh (*Pro Hac Vice forthcoming*)
Lucas Lonergan (*Pro Hac Vice forthcoming*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108

[5] In a related case, Headwater filed a notice of supplemental authority after briefing closed, citing a single out-of-jurisdiction decision. *Headwater Research LLC v. Google LLC*, 7:25-cv-00231-DC-DTG (W.D. Tex.), Dkt. 47. According to Headwater, that decision supports an argument that the Court does not have the authority to dismiss Headwater's willful infringement claims pursuant to Rule 12(b)(6) even if inadequately plead. *Id.* at 1–2. That is incorrect and contradicts this and other Courts' long-standing precedent of dismissing insufficiently plead willfulness allegations pursuant to Rule 12(b)(6). *BillJCo*, 583 F. Supp. 3d at 774; *Toyota*, 2014 WL 2892285, at *6; *ImagineAR, Inc. v. Niantic, Inc.*, No. 1:24-cv-01252-JDW, 2025 WL 2592261, at *9 (D. Del. Sept. 8, 2025).

gsobolski@cgsh.com
tyeh@csgh.com
llonergan@cgsh.com
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

Sami Al-Marzoog (*Pro Hac Vice forthcoming*)
Steven Peters (*Pro Hac Vice forthcoming*)
Jasmine Zhu (*Pro Hac Vice forthcoming*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, N.W.
Washington, DC 20037
salmarzoog@cgsh.com
speters@cgsh.com
jazhu@cgsh.com
Telephone: (202) 974-1500
Facsimile: (202) 974-1999

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2025, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ Nathaniel St. Clair, II*
Nathaniel St. Clair, II